**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**AMARILLO DIVISION**

| | | |
|---|---|---|
| **JACOB YOUNG MORGAN,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 2:25-cv-00246-Z-BP** |
| | § | |
| **COMMISSIONER OF** | § | |
| **SOCIAL SECURITY,** | § | |
| | § | |
| **Defendant.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Jacob Young Morgan protectively applied for Disability Insurance Benefits ("DIB") and Title XVI Supplemental Security Income ("SSI") under the Social Security Act ("SSA"). ECF No. 1 at 1. Morgan and a vocational expert ("VE") testified at an administrative hearing on August 20, 2024. *Id.* at 1-2. The Administrative Law Judge ("ALJ") issued an unfavorable decision on November 15, 2025, finding that Morgan was not disabled. *Id.* at 2. At issue is whether substantial evidence supports the decision of the ALJ that Morgan is generally capable of performing past relevant work and whether the ALJ applied the correct legal standard in reaching the conclusion. After considering the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Matthew J. Kacsmaryk **REVERSE** the Commissioner's decision and **REMAND** the case.

**I.    BACKGROUND**

Morgan first applied for DIB and SSI on February 15, 2022, alleging disability beginning February 11, 2022. Soc. Sec. Admin. R. (hereinafter "Tr."), 21. On November 15, 2024, the ALJ denied his application. *Id.* at 18-20. Morgan appealed the decision to the Appeals Council ("AC"),

which denied review. *Id.* at 6-8. "[T]he Commissioner's decision does not become final until after the [AC] makes its decision denying the claimant's request for review." *Higginbotham v. Barnhart*, 405 F.3d 332, 337 (5th Cir. 2005). Morgan then filed this civil action seeking judicial review of the Commissioner's decision under 42 U.S.C. §§ 405(g), 1383(c)(3). ECF No. 1 at 1.

## II.    STANDARD OF REVIEW

Titles II and XVI of the SSA govern the DIB and SSI programs, respectively. *See* 42 U.S.C. §§ 401-434, 1381-1383f. Claimants seeking benefits under either program must prove that they are "disabled" within the meaning of the SSA. *See Hollis v. Bowen*, 837 F.2d 1378, 1382 n.3 (5th Cir. 1988) (stating the "relevant law and regulations governing the determination of disability under a claim for [DIB] are identical to those governing the determination under a claim for [SSI]"). A person is disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *accord id.* § 1382c(a)(3)(A). To determine whether a claimant is disabled and thus entitled to benefits, the Commissioner employs a sequential five-step evaluation process. 20 C.F.R. §§ 404.1520(a), 416.920(a).

First, the claimant must not be presently engaged in any substantial gainful activity ("SGA"). *Id.* §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). SGA is work that "involves doing significant physical or mental activities" for pay or profit. *Id.* §§ 404.1572, 416.972. Second, the claimant must have a severe impairment or combination of impairments. *Id.* §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). Third, disability exists if the impairment or combination of impairments meets or equals an impairment in the federal regulatory list. *See id.* §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii) (referencing 20 C.F.R. pt. 404, subpart P, app. 1). Before proceeding to steps

four and five, the Commissioner assesses the claimant's residual functional capacity ("RFC") and considers his past relevant work ("PRW"). *See id.* §§ 404.1520(a)(4), (e)-(f), 416.920(a)(4), (e)-(f). RFC is "the most [a claimant] can still do despite his limitations." *Id.* §§ 404.1545(a)(1), 416.945(a)(1).

Previously, PRW meant work the claimant performed "within the past 15 years, that was [SGA], and that lasted long enough for [the claimant] to learn to do it." *Id*. § 404.1560(b)(1). The definition has since changed, and as of June 22, 2024, PRW means the "work that you have done within the past five years that was [SGA] and that lasted long enough for you to learn to do it." 20 C.F.R. § 404.1560(b)(2).  The ALJ made his decision regarding Morgan's application after June 22, 2024, so the second definition is proper in this case. *See* Tr. 34.

Fourth, if the claimant's medical status alone does not constitute a disability, the impairment or impairments must prevent the claimant from returning to his PRW considering his RFC. *Id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). Fifth, the impairment must prevent the claimant from doing any other relevant work, considering the claimant's RFC, age, work experience, and education. *Id.* §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Crowley v. Apfel*, 197 F.3d 194, 197-98 (5th Cir. 1999). "A finding that a claimant is disabled or is not disabled at any point in the five-step review is conclusive and terminates the analysis." *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987). "The claimant bears the burden of showing he is disabled through the first four steps of the analysis; on the fifth, the Commissioner must show that there is other substantial work in the national economy that the claimant can perform." *Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007).

Judicial review is limited to determining whether the Commissioner applied correct legal standards and whether substantial evidence in the record supports the Commissioner's decision.

*Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995); *Hollis*, 837 F.2d at 1382. "Substantial evidence is such relevant evidence as a reasonable mind might accept to support a conclusion." *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995) (quoting *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994)). "It is more than a mere scintilla and less than a preponderance." *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001) (quoting *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000)).

"A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision." *Id.* (quoting same). The Court may neither reweigh evidence in the record nor substitute its judgment for the Commissioner's, but it will carefully scrutinize the record to determine if substantial evidence is present. *Harris*, 209 F.3d at 417; *Hollis*, 837 F.2d at 1383. "Conflicts in the evidence are for the [Commissioner] and not the courts to resolve." *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999) (quoting *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990)).

## III.   ANALYSIS

The Commissioner, acting through the ALJ, completed the evaluation process here through step five. *See* Tr. 26-32. First, the ALJ found that Morgan had not engaged in SGA since February 11, 2022. *Id.* at 24. Second, he found several medically severe impairments: cirrhosis of the liver; alcoholic hepatitis; hypertension; obesity; diabetes mellitus; bipolar disorder; major depressive disorder; generalized anxiety disorder; post-traumatic stress disorder ("PTSD"); and alcohol use disorder. *Id*.

Third, he identified no "impairment or combination of impairments that [met] or medically equals the severity of one of the listed impairments" in the federal regulations. *Id.* The ALJ then assessed Morgan's RFC:

> the undersigned finds that the claimant has the [RFC] to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except

4

that the claimant can understand, remember, and carry out simple, routine, and repetitive tasks. The claimant can respond appropriately to supervisors and co-workers. The claimant can have occasional contact with the general public. The claimant can adapt to a work setting. The claimant can deal with no more than occasional changes to work processes and environment.

Tr. at 26. The ALJ used this RFC and relied on testimony from a VE to determine that Morgan can perform five occupations: production assembler (DOT 706.687-010, light exertional level, SVP 2, reasoning level 2); laundry sorter (DOT 361.687-014, light exertional level, SVP 2, reasoning level 1); merchandise marker (DOT 209.587-034, light exertional level, SVP 2, reasoning level 2); linen folder (DOT 369.687-018, light exertional level, SVP 2, reasoning level 1); and conveyor line bakery worker (DOT 524.687-022, light exertional level, SVP 2, reasoning level 1). *Id.* at 33. The step-four finding meant that Morgan was ineligible for DIB or SSI. *Id.*; *see Lovelace*, 813 F.2d at 58. At step five, the ALJ evaluated Morgan's impairments to determine his RFC to perform in a work setting. *Id.* at 36-32. Finally, the ALJ found Morgan "not disabled" under §§ 216(i) and 223(d) of the SSA. *Id.* at 33.

Morgan claims that the ALJ did not "resolve a conflict between the [VE's] testimony and the Dictionary of Occupational Titles ("DOT") in Violation of Social Security Ruling (SSR) 00-4p" and that the error was harmful. ECF No. 12 at 1, 9. He also argues that the SSA cannot rely on emergency message 21065 (the "EM") to prohibit consideration of reasoning level. *Id.* at 1. Finally, he argues that remand is required because the ALJ did not consider his "representative's post-hearing objections to the VE's testimony." *Id.*

### A.    Level one versus two.

Morgan argues that the ALJ's own RFC finding and hypothetical question stated that he was "limited to understanding, remembering, and carrying out simple, routine, repetitive tasks." *Id.* at 6 (citing Tr. 26, 78). This description is consistent with reasoning level one tasks. *See* DOT,

5

1991 WL 688702, app. C-III (4th ed. 1991) (defining level one reasoning as the ability to "[a]pply commonsense understanding to carry out simple one- or two-step instructions [and to] [d]eal with standardized situations with occasional or no variables in or from these situations encountered on the job."). In contrast, level two reasoning includes the ability to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions [and] [d]eal with problems involving a few concrete variables in or from standardized situations." *Id.* Therefore, one of the differences between level one and level two reasoning is the ability to carry out detailed instructions.

Here, Morgan's RFC was consistent with level one reasoning skills. Further, the VE testified that such a hypothetical individual would be precluded from carrying out detailed written and oral instructions. Tr. 81. Morgan argues that four of the five occupations the ALJ found he was capable of performing were level two occupations that he could not perform. ECF No. 12 at 7. Further, because the remaining occupation does not have a sufficient number of open positions, the legal error was harmful. *Id.* at 9. Morgan also notes that "where an apparent conflict exists, the ALJ must ask the [VE] for 'a reasonable explanation' for the difference between the [VE]'s testimony and the DOT . . . . [Because] the ALJ did not acknowledge the apparent reasoning level conflict or the VE's testimony on cross-examination," remand is appropriate. *Id.* at 8.

> If an implied or indirect conflict exists between the VE's testimony and the DOT, the ALJ may rely upon the VE's testimony as long as the record reflects an adequate basis for doing so. But if the conflict between the VE's testimony and the DOT is direct or obvious, the ALJ has the affirmative duty to identify and obtain a reasonable explanation for the conflict and to explain how [he] resolved the conflict in [his] decision. When a direct and obvious conflict is not resolved or explained by the ALJ, the VE's testimony cannot constitute substantial evidence at step five, warranting reversal and remand.

*Muntrice M. v. Comm'r of Soc. Sec. Admin.*, No. 3:24-cv-1162-BK, 2025 WL 2483337, at *3 (N.D. Tex. Aug. 28, 2025) (cleaned up).

6

Here, the ALJ relied on the VE's finding that Morgan is not disabled because he could perform a significant number of jobs in the national economy. However, the ALJ did not "acknowledge or resolve clearly apparent conflicts between the VE's testimony and the DOT, as raised by Plaintiff through cross-examination." *Id.* Morgan argues that because this error was harmful, remand is appropriate on this basis.

The ALJ found that Morgan was eligible to work in five jobs. The ALJ stated that two of these occupations had a reasoning level two, and the other three were a reasoning level one. But laundry sorter and linen folder are both reasoning level two occupations, not reasoning level one. *See* DOT #'s 361.687-014, 369.687-018. Therefore, four of the five occupations were reasoning level two occupations. Yet the VE's testimony had already seemingly precluded Morgan from working reasoning level two occupations due to his inability to follow detailed instructions. Tr. 81. Therefore, this revealed a conflict between the VE's testimony and the RFC. "Further, because the ALJ's decision at step five relied upon the VE's testimony, [] this conflict required resolution and a reasonable explanation" because it was direct and obvious. *Muntrice M.*, 2025 WL 2483337, at *4 (citing *Bradley V.*, 2024 WL 4229994, at *2).

On cross-examination, Morgan's representative asked the VE about the apparent inconsistency between Morgan's competencies and the proposed jobs he could work. Tr. 81. The VE agreed that a hypothetical claimant with a "limitation to understanding, remembering and carrying out simple, routine, repetitive task[s] would [be precluded from carrying] out detailed written instructions." *Id.* The ALJ did not resolve this conflict between the VE's testimony and the RFC as required.

The Commissioner argues that "that there is no direct or apparent conflict between an RFC limiting a plaintiff to simple instructions or tasks and . . . testimony that a plaintiff may perform

7

work at reasoning level of two." ECF No. 16 at 5 (citing *Alma H. v. Comm'r, Soc. Sec. Admin.*, Case No. 3:24-cv-1895-BK, 2025 WL 2592525, at *4 (N.D. Tex. Sep. 5, 2025)). But as the Court in *Muntrice M.* made clear, such cases are distinguishable. In *Alma H.*, the plaintiff argued that the proposed jobs conflicted with the competencies detailed in the RFC. 2025 WL 2592525, at *3. And there, the Court noted that the "Plaintiff's attorney did not identify any conflict through cross examination of the [VE] at the administration hearing." *Id.* at *3. Because "no conflict was revealed through cross-examination of the VE," nothing at the hearing triggered a reason for the ALJ to elicit a "reasonable explanation" for any possible conflicts. *Alma H.*, 2025 WL 2592525, at *3 (citing *Powell v. Kijakazi*, No. 3:21-cv-2226-G-BH, 2023 WL 2563738, at *14 (N.D. Tex. Feb. 27, 2023)).

Here, Morgan's representative raised the conflict during cross-examination, which triggered a reason for the ALJ to elicit a reasonable explanation. Tr. 81. Nevertheless, the ALJ did not address the conflict in his findings and did not provide the necessary "reasonable explanation" for the conflict. *Alma H.*, 2025 WL 2592525, at *3. He relied on the VE's testimony with no acknowledgment of the apparent conflict that required a reasonable explanation. This constitutes error.

"The Court must nonetheless determine whether such error was prejudicial." *Id.* at *5 (citing *Graves v. Colvin*, 837 F.3d 589, 593 (5th Cir. 2016) ("The party seeking to overturn the Commissioner's decision has the burden to show that prejudice resulted from an error.")). "Harmless error exists when it is inconceivable that a different administrative conclusion would have been reached even if the ALJ did not err." *Keel v. Saul*, 986 F.3d 551, 556 (5th Cir. 2021) (citing *Frank v. Barnhart*, 326 F.3d 618, 622 (5th Cir. 2003)).

In this case, the ALJ's error in not resolving the conflict between the VE's testimony and the RFC prejudiced Morgan. The ALJ found Morgan not disabled based on the VE's testimony that he could perform work in the national economy in significant numbers. *See* Tr. 33. "Considering the absence of any explanation as to why Plaintiff can perform the identified jobs [] despite [his] limitations, [this leaves] only the identified job of [conveyor line bakery worker]." *Muntrice M.*, 2025 WL 2483337, at *5. The VE testified that the conveyor line bakery worker role has approximately 25,000 available positions in the national economy. Tr. 383. But evidence of just 25,000 available positions in the national economy is insufficient to support the Commissioner's finding that a Plaintiff could perform other work that exists in significant numbers in the national economy. *See Adrienne W. v. Berryhill*, No. 3:17-cv-1218-N-BT, 2018 WL 4403467, at *4 (N.D. Tex. Aug. 24, 2018), *rec. adopted*, No. 3:17-cv-1218-N-BT, 2018 WL 4386780 (N.D. Tex. Sept. 14, 2018) (finding there was a lack of substantial evidence to support the Commissioner's finding that Plaintiff could perform other work that exists in significant numbers in the national economy based on a total of 33,000 jobs available in the national economy). Therefore, as the Court previously has held in a case with more available jobs than were present here, "the Commissioner has not satisfied [his] burden to show that a significant number of jobs exist in the national economy that Plaintiff can perform." *Muntrice M.*, 2025 WL 2483337, at *5.

If the ALJ identified the conflict between the VE's testimony and the RFC, "the VE may have concluded that Plaintiff could not perform the identified jobs [with level two reasoning] given [his] limitations (or may have concluded [he] could)." *Id.* at 6. "The critical point is that 'without some explanation for the conflict, the Court cannot conduct a meaningful judicial review.'" *Kevin T. v. King*, No. 3:24-cv-00268-BT, 2025 WL 678544, at *8 (N.D. Tex. Mar. 3, 2025) (citing *Juan*

9

*S. v. Kijakazi*, No. 3:20-cv-03706-S-BT, 2022 WL 4098033, at *4 (N.D. Tex. Aug. 18, 2022), *rec. adopted*, No. 3:20-cv-3706-S-BT, 2022 WL 4100821 (N.D. Tex. Sept. 7, 2022) ("the ALJ's failure to resolve the conflict between the VE's testimony and ALJ's RFC limitation of 'short and simple' tasks and instructions is clearly harmful"). Accordingly, the Court concludes the ALJ's error was prejudicial, and remand is appropriate.

### B.      The EM

Next, Morgan argues that the Commissioner cannot rely "upon EM-21065 to completely prohibit any consideration of reasoning level which is [] part of the DOT." ECF No. 12 at 1. But the Commissioner does not make this argument in his Response or anywhere else the Court can find and does not purport to rely on any such EM. And because the Court already considered reasoning level in its finding in Morgan's favor, the Court need not analyze this argument.

### C.      Post-hearing objections

Finally, Morgan argues remand is appropriate because the ALJ did not "consider [his] Representative's post-hearing objections to the VE's Testimony." ECF No. 12 at 17. "Whenever a VE is used, the individual has the right to review and respond to the VE evidence prior to the issuance of a decision." SSR 96-9P, 1996 WL 374185, n.8. However, the ALJ construed this objection as "additional written evidence" that was not timely filed less than five business days before the scheduled hearing date. Tr. 16. Morgan argues that because this was a statutorily permitted post-hearing objection to VE testimony, he could not have lodged this objection five days before the hearing occurred. The Commissioner's Response does not address this argument.

Morgan contends the ALJ's error was material and harmful because if he had considered Morgan's objections to the VE's testimony, "he may have decided not to adopt the hearing VE's opinion." ECF No. 12 at 18. Therefore, Morgan argues remand is "required for the ALJ to consider

[] Morgan's post-hearing objections." *Id.* Because the Court already found that remand is appropriate on Morgan's first argument, the Court need not consider whether remand is appropriate on this alternative basis. Morgan can assert any objections that he wishes to make in the remanded proceedings.

## IV.   CONCLUSION

The ALJ did not resolve the "direct or obvious" conflict between the VE's testimony and the RFC that Morgan's representative raised during cross-examination of the VE. *Muntrice M.*, 2025 WL 2483337, at *3. And the ALJ's error was prejudicial because the ALJ did not explain the conflict as required. *Kevin T.*, 2025 WL 678544, at *8. This error resulted in elimination of all but one of the occupations in the national economy that the VE identified Morgan could perform. And that one remaining occupation had too few available jobs to suffice as sufficient under existing law. Thus, there is a lack of substantial evidence to support the Commissioner's decision. Therefore, the undersigned **RECOMMENDS** that United States District Judge Matthew J. Kacsmaryk **REVERSE** the Commissioner's decision and **REMAND** the case.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and

legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), modified by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

       **SIGNED** on June 3, 2026.

                       Hal R. Ray, Jr.
                       UNITED STATES MAGISTRATE JUDGE